**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **K.M. and L.M.**

**No. 24-679** (Wood County CC-54-2023-JA-148 and CC-54-2023-JA-149)

**MEMORANDUM DECISION**

Petitioner Father M.M.[1] appeals the Circuit Court of Wood County's October 24, 2024, order terminating his parental, custodial, and guardianship rights to K.M. and L.M., arguing that the circuit court erred in adjudicating him upon a deficient stipulation and failing to make sufficient findings in support of adjudication.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

The DHS filed a petition in May 2023, alleging that the petitioner abused illegal substances to the extent that his proper parenting skills had been impaired and that he did not provide safe and appropriate housing for the children, as evidenced by drug paraphernalia and white powder being found within their reach. Specifically, the DHS alleged that while responding to a call about the mother, who appeared intoxicated while supervising the children, police officers encountered the petitioner, who was "very hyperactive" but would "randomly begin nodding off while talking." Officers found a scale, white residue, a plastic straw, balled up foil, and spoons on the kitchen table.

The petitioner waived his right to a preliminary hearing, and the circuit court held an adjudicatory hearing in July 2023. The petitioner stipulated that the children were abused and neglected as defined by West Virginia law, admitting that he had abused illegal substances to the point that his proper parenting skills were impaired. He also testified that he was willing to

---

[1] The petitioner appears by counsel Eric K. Powell. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Lee Niezgoda. Counsel Courtney L. Ahlborn appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

participate in an improvement period to correct his deficiencies. The circuit court accepted the petitioner's stipulation[3] and adjudicated him as an abusive and neglectful parent and K.M. and L.M. as abused and neglected children. Given that the resolution of the petitioner's appeal turns entirely on his adjudication, it is sufficient to note that the court terminated his parental, custodial, and guardianship rights to K.M. and L.M. following a dispositional hearing in September 2024.[4] The petitioner appeals from the dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner asserts that his adjudication was improper because the circuit court relied solely on his stipulation, which was insufficient to establish abuse and neglect. We do not agree. To properly adjudicate a parent based on his stipulation, we have held that Rule 26(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires that the stipulation "include both '(1) [a]greed upon facts supporting court involvement regarding the respondent['s] problems, conduct, or condition' and '(2) [a] statement of respondent's problems or deficiencies to be addressed at the final disposition.'" *In re Z.S.-1*, 249 W. Va. 14, 23, 893 S.E.2d 621, 630 (2023). The petitioner's stipulation, which he made on the record and submitted to the court in writing and signed, fulfills both requirements. First, the petitioner admitted to abusing and neglecting the children— specifically, that he abused illegal substances to the extent that his parenting skills were impaired. These admissions comprise agreed upon facts regarding the petitioner's conduct when the petition was filed, explaining his status as a respondent and supporting the court's involvement. Next, the petitioner indicated that he wished to participate in an improvement period to address his deficiencies. His written stipulation specifically listed the "issues and deficiencies to be addressed," which included his substance abuse and need to develop parenting and adult life skills. Thus, the petitioner's stipulation set forth the issues (substance abuse) and deficiencies (current lack of parenting and adult life skills) to be addressed at disposition. While the petitioner argues that the DHS presented no evidence as to how his conduct threatened the children's welfare, the petitioner's decision to stipulate and admit that his substance abuse impaired his parenting skills (such that, per the written stipulation, "the children [were] abused and neglected . . . within the meaning of West Virginia Code § 49-4-101 et. al.") obviated this need. The petitioner relies on *In re J.L.-1*, No. 20-0168, 2020 WL 6482940 (W. Va. Nov. 4, 2020) (memorandum decision), to support his claims. However, *In re J.L.-1* is easily distinguishable, as the respondent father in that case contested adjudication and the court ultimately based its findings on his positive drug screens *after* the children were removed from his custody. *Id.* at *2. Here, it is undisputed that the petitioner stipulated to his adjudication and had custody of the children when his admitted abusive and neglectful conduct occurred. We therefore conclude that the petitioner's stipulation was sufficient and, accordingly, that the circuit court did not err in accepting it or basing its subsequent findings upon it.

---

[3] The petitioner also submitted a signed written stipulation at the adjudicatory hearing, which was filed with the court and included in the record on appeal.

[4] The mother's rights were also terminated, and the permanency plan for the children is adoption by their current placement.

Next, the petitioner asserts that the circuit court's adjudicatory order must be vacated as it failed to make the requisite findings to support adjudication, including specifying how each child was abused or neglected. Consequently, the petitioner argues, the circuit court lacked jurisdiction to proceed to disposition. The petitioner is correct that "[i]n child abuse and neglect cases, the adjudicatory process is a jurisdictional prerequisite." *In re Z.S.-1*, 249 W. Va. at 20, 893 S.E.2d at 627. For a circuit court to exercise jurisdiction, it must find, based upon the conditions existing at the time the petition was filed, that the child is "an 'abused child' or a 'neglected child' as those terms are defined in West Virginia Code § 49-1-201." Syl. Pt. 2, in part, *In re B.V.*, 248 W. Va. 29, 886 S.E.2d 364 (2023) (quoting Syl. Pt. 8, *In re C.S. and B.S.*, 247 W. Va. 212, 875 S.E.2d 350 (2022)). What the petitioner fails to recognize, however, is that the circuit court in this matter satisfied this jurisdictional prerequisite when it found both children to be abused and neglected.

Instead of accepting the circuit court's sufficient findings, the petitioner belabors the application of cases which are clearly not controlling. Specifically, the petitioner relies heavily on *In re D.C.*, No. 23-410, 2024 WL 4026060 at *3 (W. Va. Sept. 3, 2024) (memorandum decision), in which we found a mother's adjudication lacking when the lower court failed to make specific findings explaining how a mother's stipulated drug use resulted in the abuse and neglect of two children who, critically, "were not in [her] custody or subject to her . . . behavior." This was in keeping with our holding in *In re B.V.*, in which we extended our holding in *In re C.S. and B.S.* to clarify that "[t]he mere fact that a child is in a legal guardianship at the time an abuse and neglect petition is filed does not preclude a circuit court from exercising subject matter jurisdiction" over that child. *In re B.V.*, 248 W. Va. at 31, 886 S.E.2d at 366, Syl. Pt. 3, in part. However, we clarified that the fact that at least one named child was *not* in the respondent parent's custody when the petition was filed meant that "generalized findings applicable to all children named in the petition will not suffice." *Id*. Instead, "the court must make specific factual findings explaining how each child's health and welfare are being harmed or threatened by the [parent's] allegedly abusive or neglectful conduct." *Id*. Thus, in *In re B.V.*, we concluded that "the circuit court failed to make adequate findings to support its exercise of jurisdiction over the children in legal guardianships" but upheld its findings as to the children residing in the abusing parents' home. *Id*. at 33, 886 S.E.2d at 368.

Here, the petitioner's reliance on these cases is misplaced, given that he does not dispute that K.M. and L.M. were in his custody and subject to his conduct (specifically, his admitted abuse of illegal substances which impaired his parenting skills).[5] While we acknowledge that the circuit

---

[5] The petitioner also cites *In re D.A.*, No. 22-0151, 2022 WL 16549292 (W. Va. Oct. 31, 2022) (memorandum decision) to argue that a parent's drug use, without more, is insufficient for adjudication. In that case, we found a circuit court's adjudicatory order insufficient when, following a contested hearing, it "simply declared that [the] petitioner had a substance abuse problem and also had custody of the children, instead of making detailed findings that demonstrated [how the] petitioner's substance abuse impacted his parenting ability and harmed or threatened the children." *Id*. at *2. However, *In re D.A.* is distinguishable from the instant matter because, here, the petitioner specifically admitted that his substance abuse impaired his parenting. Regardless, just as we presume "the threat of violence that accompanies illegal drug abuse" in the criminal context, "[w]e can presume . . . the same attendant circumstances in the abuse and neglect

court's findings at adjudication could have been more robust, it nevertheless concluded, based upon the petitioner's stipulation, that K.M. and L.M. were abused and neglected children and that the petitioner was an abusive and neglectful parent. And as we recently explained, "it is the requisite finding of whether a child is abused or neglected that is determinative as to whether a child abuse and neglect case continues to disposition." *In re J.W.*, No. 23-712, 2025 WL 1262342, at *3 (W. Va. May, 1, 2025) (memorandum decision); *see also* W. Va. Code § 49-4-601(i) ("At the conclusion of the adjudicatory hearing, the court shall . . . make findings of fact and conclusions of law as to whether the child is abused and neglected and whether the respondent is abusing [and/or] neglecting."). Given that the circuit court found that the children were abused and neglected, it was permitted to proceed to disposition and, ultimately, to terminate the petitioner's parental rights.[6]

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 24, 2024, order is affirmed.

Affirmed.

**ISSUED**: October 14, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison

---

context where we apply a lower standard of proof and '*err on the side of caution* . . . to protect children at risk of possible abuse.'" *In re S.C.*, 248 W. Va. 628, 634-35, 889 S.E.2d 710, 716-17 (2023) (finding that "[a] parent's methamphetamine abuse threatens his . . . child's health and welfare and makes the child a 'neglected child' as defined by West Virginia Code § 49-1-201" and remanding to the circuit court for proper adjudication).

[6] The petitioner raises no assignment of error challenging the circuit court's findings or reasoning in terminating his rights to the children, but merely asserts that the court lacked jurisdiction to proceed to disposition. Given that we find no error in the circuit court's adjudication, the petitioner is entitled to no relief in regard to the court's disposition.

4